## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT CHRISTIE, PAUL FITZGERALD, JOHN MACMILLAN, GLENN MURPHY, and KAREN WHITE, each individually and on behalf of the Diamond Antenna and Microwave Corporation Employee Stock Ownership Plan,<br><br>      Plaintiffs,<br><br>      v.<br><br>DIAMOND ANTENNA AND MICROWAVE CORPORATION, ARGENT TRUST COMPANY, and JEFFREY T. GILLING,<br><br>      Defendants. | Civil Action No. 1:16-CV-11049 |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT, ARGENT TRUST COMPANY'S MOTION TO DISMISS

Argent Trust Company ("Argent"), by its undersigned counsel, respectfully submits this Memorandum of Law in support of its Motion to Dismiss the First, Second, Third, and Fourth through Eighth Causes of Action of Plaintiffs' First Amended Complaint and Jury Demand, pursuant to Fed. R. Civ. P. 12(b)(6).

## I.    PRELIMINARY STATEMENT AND SUMMARY OF ARGUMENT

Applying the pleading standards articulated in the United States Supreme Court decisions of *Bell Atlantic v. Twombly*, 550 U.S. 544 (2007) and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), this Court should dismiss Plaintiffs' First Amended Complaint and Jury Demand ("Complaint," or "Compl.") against Argent for failure to state a claim. There are six grounds for dismissal.

1

First, the Complaint fails to allege sufficient facts to support a legal basis for Plaintiffs' claims that Argent violated its fiduciary duties as Trustee of the Diamond Antenna and Microwave Corporation Employee Stock Ownership Plan (the "ESOP" or "the Plan"). As set forth below, Plaintiffs offer no facts to support their allegations that Argent was involved in any of the conduct or transactions they allege constitute a breach of the collective "Defendants" fiduciary duties to the ESOP. Instead, Plaintiffs make the sweeping, unsupported, argument that because the only asset of the ESOP is the stock of Diamond Antenna and Microwave Corporation ("Diamond"), Argent's "fiduciary duties were implicated by every decision made by Diamond Antenna and Gilling that affected the value of the stock." (Compl. ¶ 44). Plaintiffs then go on to allege that Argent breached its duties because it did not "remain in touch with and engaged [sic] with Diamond in its progress toward achieving its strategic goals to create retirement security for the ESOP participants," and failed to "put in place a prudent and loyal process to determine if the assets of the ESOP were protected." (*Id.* ¶¶ 47-49). The Complaint provides no specifics to explain what Plaintiffs mean by these allegations, including how Argent's protection or administration of the Plan's assets was lacking, if at all, how Argent was supposed to "remain in touch" with Diamond, and what "process" Plaintiffs allege should have been put in place.

Not only are Plaintiffs' allegations devoid of facts that would be necessary to state a plausible claim for relief, the premise behind Argent's purported breach of its duties as Trustee of the ESOP is unsupported in the case law and has been rejected by at least two federal courts of appeal.[1] As presently drafted, Counts 1-3 and 8 of the Complaint broadly assert that Argent is

---

[1] *Martin v. Feillen,* 965 F.2d 660, 666 (8th Cir. 1992), *cert. denied,* 506 U.S. 1054 (1993). ("Virtually all of an employer's significant business decisions affect the value of its stock, and therefore the benefits that ESOP plan recipients will ultimately receive. However, ERISA's fiduciary duties under §1104 attach only to transactions that

2

liable for whatever wrongful acts or omissions Diamond or Jeffrey T. Gilling ("Gilling") allegedly committed, even if that conduct had nothing to do with buying or selling Diamond stock, the sole asset of the ESOP, or administering the ESOP. Such allegations fail to state a claim on which relief can granted.

Second, Counts 1- 3 and 8 of the Complaint fail to allege sufficient facts regarding the alleged conduct of Diamond, Gilling, or Argent that involve either investing the ESOP's assets, or administering the ESOP, which, if true, could plausibly state a claim under ERISA. Instead, these counts consist almost entirely of labels or legal conclusions and a recitation of the elements of the various causes of action.

Third, most of the allegations in Counts 1- 3 and 8 do not include the dates when the events or conduct at issue allegedly occurred. This omission is critical because while the Complaint includes Argent as a defendant in each of these Counts, it fails to mention that Argent did not become the trustee to the ESOP until June of 2014, even though the "effective date" of the ESOP was September 1, 2008, and the ESOP acquired all of the stock of Diamond on or about January 1, 2011.[2] For example, in several paragraphs of the Complaint, the Plaintiffs allege self-dealing and unfair conduct of the CEO of Diamond without stating whether those events occurred before or after Argent became the ESOP trustee. As more fully discussed below, because these allegations do not allege when the complained of conduct occurred, there is no

---

involve investing the ESOP's assets or administering the plan. A broader rule would make ESOP fiduciaries virtual guarantors of the financial success of the plan... We cannot reconcile such broad liability with the congressional intent to encourage the use of ESOPs as a 'technique of corporate finance.'" (Internal citation omitted)). *See also*, *Husvar v. Rapoport*, 337 F.3d 603, 609 (6th Cir. 2003). ("A claim that company directors did not operate the business itself in conformity with sound business practices [that resulted in a dramatic decrease in the value of the defendant company's stock – a result that in turn happened to devalue the ESOP funded with such stock] does not, however, implicate the protections afforded by ERISA.")

[2] *See infra*, Statement of Facts, n.3 and Affidavit of Stephen A. Martin, with attached Board Resolution of Diamond, dated June 12, 2014, attached hereto as Exhibit A.

way for this Court to draw a "reasonable inference" that Argent was somehow liable for the CEO's alleged misconduct.

Fourth, in Counts 2 and 3, Plaintiffs allege generally that all the Defendants violated ERISA fiduciary duties for engaging in "prohibited transactions" described in the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), when the few specific allegations concerning those violations, which are set out in the body of the complaint and "incorporated by reference," refer only to Diamond and Gilling, not to Argent. Further, the allegations in Counts 2 and 3 are so general that it is impossible to know what specific conduct, or omissions, are objectionable. The fact that Plaintiffs preface Counts 2 and 3 by "incorporating by reference" every preceding paragraph in the Complaint is of no help. Inviting Argent to guess what factual allegations support which counts does not provide a "short, plain statement of the claim showing the pleader is entitled to relief," as required by Fed. R. Civ. P. 8(a)(2), nor does it meet the requirements of *Twombly* and *Iqbal* that a plaintiff articulate facts which plausibly support each of his claims for relief.

Fifth, it would appear that Counts 4-7 are only alleged against Diamond and Gilling. Further, because no wrongful conduct is alleged against Argent, and because such alleged conduct by Diamond and Gilling had nothing to do with transactions involving Diamond stock or administering the ESOP, there is no basis for asserting these counts against Argent.

Sixth, for the reasons set forth below, Count 8 is preempted by ERISA § 502(a) and should be dismissed.

For the foregoing reasons and as further discussed below, the Complaint should be dismissed against Argent in its entirety.

4

## II.    STATEMENT OF FACTS

1.    Argent incorporates herein by reference the Statement of Facts set forth in the Memorandum of Law in Support of Defendants Diamond Antenna and Microwave Corporation and Jeffrey Gilling's Motion to Dismiss filed in this action, including:  that Diamond established the ESOP in 2008; that on January 1, 2011, the ESOP became the sole shareholder of Diamond's stock, and that Diamond's stock was the ESOP's only asset.  (Compl, ¶¶ 28, 34, 44).

2.    Pursuant to the Board Resolution adopted by Diamond on June 12, 2014, Diamond appointed Argent Trust Company to serve as the trustee of the ESOP, and accepted the resignation of Reliance Trust Company.  Affidavit of Stephen A. Martin and Board Resolution of June 12, 2014, attached as Exhibit A.[3]

## III.    PLEADING STANDARDS FOR RULING ON A MOTION TO DISMISS

Rule 8(a)(2) of the Federal Rules of Civil Procedure states that a pleading must contain a short, plain statement of the claim showing that the pleader is entitled to relief.  In *Twombly*, the

---

[3] "When…a complaint's factual allegations are expressly linked to – and admittedly dependent upon – a document (the authenticity of which is not challenged) that document effectively merges into the pleadings and the trial court can review it in deciding a motion to dismiss under Rule 12(b)(6)." *Beddall v. State St. Bank & Trust Co*., 137 F.3d 12, 17 (1st Cir. 2001) (holding that the court properly considered a trust agreement in finding that a trustee bank was not liable under ERISA for an investment manager's overvaluation of plan assets) (emphasis in original). Further, "…the civil rules contemplate consideration of critical documents omitted from a complaint to avoid interference with the 'swift, uncomplicated way to weed out plainly unmeritorious cases.'" *Lindsay v. Wells Fargo Bank, N.A.*, 2013 U. S. Dist. LEXIS 129694 (D. Ma. June 14, 2013) (quoting *Beddall*, 137 F.3d at 17). The court may also consider, "…documents the authenticity of which are not disputed by the parties; [] official public records; [] documents central to plaintiffs' claim; or [] documents sufficiently referred to in the complaint." *Watterson v. Page*, 987 F.2d 1, 3 (1st Cir. 1993). *See, e.g., Perkins v. City of Attleboro*, 969 F. Supp. 2d 158, 164-65 (D. Mass. 2013) (holding that letter attached to motion to dismiss would be considered because it was central to plaintiff's claim). Here, the authenticity of Diamond's board resolution is not disputed, and the allegations against Argent in Plaintiffs' complaint are directly linked to, and dependent upon, this board resolution, which shows that on June 12, 2014, Diamond appointed Argent Trust Company to serve as trustee of the ESOP following Reliance Trust Company's resignation. Thus, this board resolution is critical to whether the alleged, wrongful conduct by Diamond and Gilling (undated in the Complaint) which underlies the claims against Argent occurred before or after Argent was appointed as Trustee.

5

Supreme Court held that although Rule 8 does not require "detailed factual allegations," it demands more than an unadorned accusation. A pleading that offers "labels and conclusions", or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders, "'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). In *Iqbal,* the Court stated that, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678. *See also*, *College Hill Props., LLC v. City of Worcester*, 821 F.3d 193 (1st Cir. 2016).

Courts must perform a two-step analysis to determine the plausibility of a claim. *Saldiver v. Racine*, 818 F.3d 14 (1st Cir. 2016). In the first step, a court "separates the complaint's factual allegations (which must be accepted as true) from its conclusory legal allegations (which need not be credited)." *Cook & Co. Ins. Servs. v. Volunteer Fireman's Ins. Servs.*, 2016 U.S. App. LEXIS 14163, at *3 (1st Cir. Aug. 3, 2016) (quoting *Morales-Cruz v. Univ. of P.R.*, 676 F.3d 220, 224 (1st Cir. 2012)).

In the second step, a Court must determine if the factual allegations sufficiently state a plausible claim. *Haley v. City of Bos.*, 657 F.3d 39 (1st Cir. 2011). A finding of facial plausibility requires the plaintiff to plead factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). Where a complaint pleads facts that are equally consistent with a defendant's liability and non-liability, the plausibility test has not been met and the complaint must be dismissed. *Twombly*, 550 U.S. at 557. Dismissal is appropriate if well-pleaded facts do not "possess enough heft to show that plaintiff is entitled to relief. *Ruiz Rivera v. Pfizer Pharms. LLC*, 521 F.3d 76, 84 (1st Cir. 2008), *cert. denied*, 555 U.S. 939 (2008).

6

## IV.   ARGUMENT

Argent relies on and incorporates herein by reference the analysis and arguments set forth in the Memorandum of Law in Support of Defendants Diamond Antenna and Microwave Corporation's and Jeffrey Gilling's Motion to Dismiss Counts 1-5 and 8, including specifically Argument I (Counts 2 and 3), Argument II (Count 1), Argument III (Counts 4 and 5), and Argument IV (Count 8) (the "Diamond and Gilling Arguments"). In addition to the Diamond and Gilling Arguments, Argent submits the following argument and analysis in support of its Motion to Dismiss.

The Complaint fails to plead facts according to the *Twombly* and *Iqbal* standards. Stripped of its conclusory allegations and those that recite the elements of causes of action, Counts 1-3 and 8 of the Complaint contain generalized factual allegations that (i) fail to make a short and plain statement that informs Argent and the Court what specific actions Argent has allegedly taken or failed to take that constitute a cognizable claim and (ii) fail to provide sufficient facts that, if true, would enable the Court to reasonably infer that Argent is liable for the misconduct alleged. Counts 4 and 5 of the Complaint alleging wrongful termination of Robert Christie and Glenn Murphy in retaliation for their criticizing Gilling, do not allege that Argent had anything to do with their being fired. Moreover, Plaintiffs' counsel has advised that these counts have been brought against Diamond and Gilling, not against Argent.[4]  Similarly, Plaintiffs' counsel has advised that Christie's claims of age discrimination alleged in Counts 6 and 7 have not been brought against Argent, but only against Diamond.[5]

---

[4] See *infra*, Argument IV.B. and C.
[5] *id.*

7

## A.      Counts 1-3 and 8 Lack the Requisite Specificity to Satisfy the Requirements of Rule 8(a)(2), *Twombly* and *Iqbal*

The allegations in Counts 1-3 and 8, and the allegations in the preceding 191 paragraphs that are "incorporated by reference" into those Counts, fail to allege facts that, if true, would plausibly support a claim for relief.

In particular, Plaintiffs nowhere allege facts that would support a claim that Argent ever breached its fiduciary duty as Trustee to act with respect to the ESOP solely in the interest of the Plan participants and beneficiaries, for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable expenses of administrating the ESOP, in accordance with 29 U.S.C. § 1104. Nor does the Complaint allege facts that would support a claim that Argent ever caused the ESOP to engage in a transaction between the ESOP and a party in interest in violation of 29 U.S.C. § 1106. The Complaint consistently fails to allege when the conduct or transactions complained of by the Plaintiffs occurred, facts that are critically important to the claims against Argent, since Diamond appointed Argent as the ESOP Trustee in June 2014, six years after the ESOP was created and three years after the ESOP acquired all of the stock of Diamond. Finally, as set forth below (*see infra* Argument IV.A.4), Plaintiffs have also failed to allege any facts which support their attempt to state a claim against Argent on a theory of "co-fiduciary liability".

Accordingly, the allegations contained in Counts 1-3 and 8 lack the requisite specificity needed under the Federal Rules and well-established case-law, and therefore must be dismissed.

8

1.  The Allegations of Count 1 Against All Parties Claiming Breach of Duties of
    Loyalty and Prudence Owed Under 29.U.S.C. § 1104 Fail to State a Claim

After proclaiming that all of the Defendants were fiduciaries to the ESOP,[6] Plaintiffs
describe in Paragraph 198 of Count 1 how the Defendants allegedly breached their fiduciary
duties. Plaintiffs do so without alleging any facts that explain what specific conduct of the
Defendants in their capacity as ESOP fiduciaries was objectionable, such as when the alleged
conduct occurred, which conduct is attributable to which defendant, whether the conduct in
question concerns the management or assets of Diamond, (which would not implicate the
Defendants' fiduciary duty to the ESOP),[7] or whether the conduct involved investing the
Diamond stock, the only asset of the ESOP, or administrating the plan, (which would implicate
such fiduciary duty).

Paragraph 198 alleges that the "Defendants", including Argent, "breached their fiduciary
duties" when they failed to: (a) monitor the operations of Diamond; (b) take any and all
necessary actions to protect the ESOP's sole asset (Diamond's stock); (c) prevent the misuse of
corporate assets; (d) bring a derivative action against Gilling for breaching the fiduciary and
corporate duties he owed to Diamond; (e) failed to prevent Gilling from unilaterally awarding
himself excessive salary, bonus and stock options without obtaining board approval; (f)
"[d]evelop and follow a prudent and loyal process for the selection, monitoring, and termination
of the Plan's Trustee"; and, (g) disclose "to the ESOP's fiduciaries" the extent to which Gilling
breached his "ERISA fiduciary duties to the ESOP" and the extent of his fiduciary and corporate

---

[6] Argent readily admits that as Trustee of the ESOP it owes a fiduciary duty to the ESOP and its beneficiaries.
However, as discussed below, Plaintiffs have failed to allege sufficient facts to demonstrate that Gilling, Diamond's
CEO and director, was an ESOP fiduciary, or that Diamond itself performed any fiduciary functions. *See* Argument
IV.A.4, *infra*.

[7] *See, Eckelkamp v. Beste,* 201 F. Supp. 2d 1012, 1021-22 (E.D. Mo. 2002), *aff'd*, 315 F.3d 863 (8th Cir. 2002).

9

breaches to Diamond. (Compl. ¶ 198). None of the allegations in these subparagraphs meet the test of *Twombly* and *Iqbal*.

Subparagraphs (a), (b), (c) and (d) of Paragraph 198 do not allege facts. They espouse generalities and recitals of legal conclusions. They do not explain by what authority, or how, Argent was supposed to "monitor" the operations of Diamond, what "necessary actions" Argent should have taken with regard to the Diamond stock in the ESOP, and how that would have been beneficial to the participants and beneficiaries of the ESOP. (Compl. ¶ 198). They also do not explain how Diamond's assets were misused, when the alleged misuse occurred, and what Argent should have done.

With regard to subparagraph (e) of Paragraph 198, Plaintiffs do not specify when Gilling allegedly awarded himself "excessive salary, bonus and stock options", whether Argent was serving as Trustee of the ESOP at that time, and what authority Argent had as Trustee of the ESOP to prevent the CEO of Diamond from allegedly being paid an excessive salary and receiving other excessive compensation, matters which are plainly ones of corporate management and would be the responsibility of Diamond's Board of Directors, not the ESOP's Trustee. (Compl. ¶ 198). Moreover Plaintiffs allege no facts or law on which the Court could reasonably infer that Argent had the authority, knowledge or ability to prevent the alleged misconduct by Gilling, or that by not preventing that alleged conduct Argent breached its fiduciary duties to the ESOP.

As to subparagraphs (f) and (g) of Paragraph 198, it is difficult to understand how the allegations in these paragraphs apply to Argent.[8] With respect to subparagraph (f) it would be

---

[8] At the parties' "meet and confer" conference call pursuant to Local Rule 7.1 (a)(2), held on October 24, 2016, Plaintiffs' counsel confirmed that these allegations are directed against Argent as well as to Diamond and Gilling.

17977921v.2

highly unusual for the ESOP trustee to have as part of its duties the development of procedures to select, monitor, and terminate itself. It is also plain that the wrongdoing alleged in subparagraph (g) can only apply to Diamond and Gilling, not Argent, since the paragraph accuses the "Defendants" of failing to "[d]isclose to the ESOP's fiduciaries" (i.e. Argent) the extent to which Gilling breached his ERISA and corporate fiduciary duties. (Compl. ¶ 198). To the extent that Plaintiffs insist subparagraphs (f) and (g) apply to Argent, they have failed to allege any facts that would support a claim for relief based on the propositions (i) that Argent breached its fiduciary duties by failing to resign as Trustee of the ESOP, or (ii) failing to advise itself of the extent of Gilling's alleged misconduct.

2.    The Allegations in Counts 2 and 3 against all Parties, Claiming Prohibited Transactions between the ESOP and Parties in Interest in Violation of 29 U.S.C. § 1106(A), Fail to State a Claim

After again declaring that all Defendants are fiduciaries to the ESOP, Plaintiffs allege in Count 2 that Defendants, (i) "caused the ESOP to make an unsecured and non-collateralized loan to a party in interest without meeting any applicable exemptions" (Compl. ¶ 208), (ii) "caused the ESOP to sell property to a party in interest for less than adequate consideration" (Compl. ¶ 209), and, (iii) "caused the ESOP to benefit Gilling as described above, who is a party in interest, without meeting any applicable exemptions." (Compl. ¶ 210). Plaintiffs do not tell *when* any of the alleged conduct by the Defendants took place, who among the Defendants caused the ESOP to make the loan and to whom, or who caused the ESOP to sell what property to which party in interest.

Even if Argent were to accept the challenge of guessing at what Plaintiffs are talking about by searching the multitude of conclusory allegations "incorporated by reference," nothing in the first twenty pages of the Complaint or elsewhere answers any of these questions. In fact,

11

reviewing Paragraphs 54 – 116, with the expectation that they may have something to do with Counts 2 and 3, only results in confusion. For example, while Argent has not been able to find any allegation that references an "unsecured collateralized loan" that the ESOP made, in paragraph 67 Plaintiffs allege that, "DA [Diamond] made what amounts to an interest-free loan of $468,000 to Roltran." Argent cannot – and should not have to - guess whether this is the same loan that Plaintiffs refer to in Count 2, but if it is, then Plaintiffs are plainly mistaken, because in paragraph 67 they allege that Diamond, not the ESOP, made the loan.

Similarly, even though Argent has not found any "incorporated-by-reference-allegation" that the ESOP sold specific property for less than adequate consideration, there is an allegation that Gilling caused Diamond to provide office space to Roltran, a company Gilling allegedly controlled, for free. (Compl., ¶ 84). Argent does not know whether this is the transaction that is referred to in Paragraph 209 of Count 2, but if it is, Plaintiffs are once again mistaken. There is no allegation that the ESOP owned any property except the stock of Diamond, and, in any event, the Plaintiffs clearly state that it was Diamond, not the ESOP, that allowed free use of the office space to Roltran. (Compl. ¶ 84).

It is abundantly clear from this exercise that the allegations of Count 2 fail to meet the requirements of Rule 8(a)(2), as well as those of *Twombly* and *Iqbal*, and Count 2 should be dismissed.

If anything, Count 3 is even more opaque. In Count 3, Plaintiffs fail to provide any specifics of the wrongdoing they claim that Gilling, Diamond, and Argent supposedly committed, allegedly in violation of their fiduciary duties to the ESOP. Paragraph 216 alleges – at a 5,000 foot level of generality - only that all of the Defendants "caused the ESOP to enter into transactions that benefitted Defendants at the expense of ESOP plan participants", even though

12

there is not a single example of self-dealing Plaintiffs cite in their Complaint that even mentions Argent. In Count 3, Plaintiffs also allege that, "these defendants dealt with the assets of the ESOP in their own interest, acted in a transaction involving the ESOP on behalf of third parties whose interests were adverse to the interests of the ESOP, its participants and beneficiaries", and, "received consideration for their own personal accounts from parties dealing with the ESOP in connection with transactions involving the assets of the ESOP," all in violation of 29 U.S.C. §§ 1106(b)(1)-(3). (Compl. ¶ 216). As with the rest of Count 3 (and with Count 2) this allegation does not disclose when the transaction took place, the participants to the transaction, or what assets of the ESOP were involved. Devoid of any facts, this allegation consists of no more than a recitation of the elements of a cause of action and legal conclusions, exactly what *Twombly* and *Iqbal* say cannot be used to support a plausible claim for relief. For that reason alone, Count 3 should be dismissed.

Moreover, the Complaint does not set forth specific facts to warrant the conclusion that any of the alleged acts of self-dealing in Count 3 involved ESOP assets as the Plaintiffs themselves concede must be present. The Plaintiffs dutifully summarize each of ERISA's three prohibitions against fiduciary self-dealing found in 29 U.S.C. §§ 1106(b)(1)-(3). Each of the statute's three subsections prohibits a fiduciary from dealing with plan assets in certain proscribed ways, or from receiving any consideration for his own personal account from any party dealing with the plan in connection with a transaction involving plan assets. The Complaint alleges that "Gilling systematically made decisions …to line his pockets at the expense of Diamond and its ESOP participants" (Compl. ¶ 54), that he "engaged in self-dealing by entering into several transactions with Diamond…in which he stood to realize significant financial benefit" (Compl. ¶ 55), that, "[a]ll of the sweetheart deals that Gilling provided to

13

Roltran negatively impacted Diamond" (Compl. ¶ 88), that, "[t]he deal benefited Gilling and caused harm to Diamond and its ESOP participants" (Compl. ¶ 95), and that, "Gilling stood to gain from the decision for Diamond to purchase a 10% interest in Roltran" (Compl. ¶ 102).

There are no allegations that Argent or Diamond engaged in actions involving the administration of the Plan or the ESOP's plan assets, i.e. the Diamond stock. "Plan assets" are defined in the Department of Labor Regulations, 29 C.F.R. § 2510.3-101 (2016). The Regulations make clear that when a plan invests in an operating company engaged in the production or sale of a product or service (such as Diamond), the plan's assets include shares of stock of that company but *not* the underlying assets the company owns. 29 C.F.R. § 2510.3-101(a)(2) (2016). Here, Count 3 provides no information as to what assets of the ESOP may have been involved in Gilling's alleged self-dealing, how the plan assets were involved, or whether they were involved at all.

Because the allegations of the Complaint do not support a plausible claim against any of the Defendants for participation in a prohibited transaction involving ESOP assets, Count 3 should be dismissed.

3. Plaintiffs' Failure to Allege when the Incidents of Alleged Misconduct Occurred Mandates the Dismissal of Counts 1-3 and 8

As stated earlier, a material omission of fact common to the allegations in Count 1 and to Counts 2, 3, and 8 is Plaintiffs' failure to specify the dates on which the events generally referenced in the Complaint occurred. Because Argent was not even appointed the ESOP trustee until June 12, 2014, the allegations that Argent breached its duty of prudence (Count 1), or engaged in prohibited transactions in violation of 29 U.S.C. § 1106(a) (Counts 2, 3) or was negligent (Count 8), are deficient because Argent may not have been (and most likely was not)

14

the ESOP trustee at the time the alleged acts occurred. Put another way, the failure to specify the dates of the allegedly wrongful conduct means that the Plaintiffs have merely pled facts that are equally consistent with Argent's liability as well as non-liability. The Supreme Court's opinion in *Twombly* teaches that in such a case the plausibility test has not been met (*Twombly.* 550 U.S. at 557), and that absent facts which make the existence of a claim plausible, Counts 1, 2, 3 and 8 must be dismissed.

4.  Plaintiffs' Attempt to Assert a Claim Against Argent on a Theory of "Co-Fiduciary Liability" Fails as a Matter of Law because Plaintiffs Fail to Allege Facts Sufficient to Support a Finding that Gilling and Diamond are ESOP Fiduciaries

Perhaps because Plaintiffs are unable to allege any facts supporting a claim that Argent itself violated its fiduciary duties to the ESOP, in Counts 1-3 Plaintiffs assert another theory for holding Argent liable for their alleged damages. That theory is co-fiduciary liability under ERISA, which Plaintiffs plead in Paragraphs 201, 212 and 220 of the Complaint.

As the words suggest, co-fiduciary liability is premised on the notion that one fiduciary can be liable for the acts of another fiduciary. By definition, Argent cannot be deemed a co-fiduciary under ERISA if no other Defendants are ERISA fiduciaries. Because the Complaint simply announces that each of the Defendants were fiduciaries to the ESOP, and makes no attempt to allege facts that demonstrate Gilling or Diamond were in fact fiduciaries, there is no basis in the Complaint for asserting a claim of co-fiduciary liability against Argent.

The definition of a fiduciary under ERISA Section 3(21)(A) states in relevant part:

> "[A] person is a fiduciary with respect to a plan to the extent (i) he exercises any discretionary authority or discretionary control respecting management of such plan or exercises any authority or control respecting management or disposition of its assets..."

15

29 U.S.C. § 1002(21)(A)(i) (2016). The Complaint alleges that Argent, Gilling and Diamond are fiduciaries. (*See*, *e.g.*, Compl. ¶ 41-43.) The basis for the allegation that Gilling is an ERISA fiduciary is that he exercised control over the ESOP's assets. The Complaint alleges that when Gilling engaged in self-dealing, he hurt Diamond and thereby caused the value of the ESOP's sole asset, Diamond stock, to decrease. However, the Complaint fails to set forth sufficient facts to serve as a basis for a claim that Gilling is an ERISA fiduciary. More is required than merely saying he is.

Under ERISA, the threshold question is whether the person charged with being a fiduciary *acted* as a fiduciary or *performed* a fiduciary function. *Pegram v. Herdrich*, 530 U.S. 211 (2000). Persons who make business decisions in their role as corporate officers are not subject to ERISA's fiduciary requirements merely because they make those decisions. *See*, *Martin v. Feilen*, 965 F.2d 660 (8th Cir. 1992), *cert. denied*, 506 U.S. 1054 (1993), *citing Hickman v. Tosco Corp.*, 840 F.2d 564 (8th Cir. 1988). Here, the Complaint fails to allege facts that show Gilling was acting as an ESOP fiduciary when he engaged in the alleged improper conduct, rather than making decisions in his capacity as Diamond's CEO that may or may not have affected the value of the ESOP's stock.

Nor is there any support for the Plaintiffs' allegation that Diamond, while admittedly designated as "fiduciary" in the ESOP document, performed any specific fiduciary functions for which Argent should be jointly liable. As with Gilling, Diamond operated its business and made business decisions; but, these activities were not subject to ERISA's fiduciary requirements.

Because the Complaint fails to set forth any facts which support Plaintiffs' claim that Gilling is an ERISA fiduciary or that Diamond performed any particular fiduciary acts for which

16

17977921v.2

Argent can be liable, it follows that there is no basis for a claim of co-fiduciary liability against Argent.

**B.     Counts 4 and 5 Do Not State a Claim Against Argent and Should be Dismissed**

Counts 4 and 5 assert that Plaintiffs Robert Christie and Glenn Murphy were terminated shortly after they brought their concerns about certain alleged business transactions to the attention of Argent, and therefore their dismissals violated ERISA's anti-retaliation provision, 29 U.S.C. § 1140. The Complaint alleges that Christie was fired by Gilling, (Compl. ¶ 159) and that Diamond and Gilling retaliated against Murphy, first by suspending him, and then, within days, terminating him. (Compl. ¶¶ 174-176). The Complaint does not allege that Argent fired, or was in any way involved in firing Christie and Murphy.

In the absence of any relevant and material allegations against Argent, Counts 4 and 5 should be dismissed. Further, at the "meet and confer" conference of the parties held on October 24, 2016 pursuant to Local Rule 7.1 (a)(2), counsel for Plaintiffs advised that these counts were not asserted against Argent. Accordingly, Counts 4 and 5 must be dismissed as to Argent.

**C.     Counts 6 and 7 do not State a Claim Against Argent and Should be Dismissed**

Counts 6 and 7 assert age discrimination claims that Christie was terminated in violation of federal and Massachusetts law. As set forth above, the Complaint alleges that Christie was fired by Gilling, and makes no claim that Argent either terminated Christie, or was involved in his termination.

In the absence of any allegations against Argent, Counts 6 and 7 against Argent should be dismissed. Further, notwithstanding that Counts 6 and 7 incorporate by reference all of the preceding allegations against Argent, at the meet and confer conference referred to above, counsel for Plaintiffs advised that these counts were not asserted against Argent. Accordingly, Counts 6 and 7 must be dismissed as to Argent.

17

## D. Count 8 is Bereft of Facts, is Not Plausible, and is Pre-empted by ERISA

Count 8 should be dismissed for three reasons. First, the Complaint does not allege facts sufficient to describe what "decisions effecting [sic] the ESOP were [not] handled in a reasonable manner", (Compl. ¶¶ 253-254), or what "appropriate action" Argent should have taken. Similarly, the Complaint fails to allege facts that would show whether the "decisions" Gilling made on matters where he had a conflict of interest involved assets of the ESOP or the administration of the Plan, or whether they were matters that involved the management or assets of Diamond or other entities, matters which Argent could not be expected to have any fiduciary duty. Further, the Complaint alleges no facts from which the date of the alleged decisions can be known, a critical piece of information needed to determine whether or not Argent was employed as the ESOP's trustee during the time the decisions were made. As currently pled, the allegations are conclusory, and amount to nothing more than "naked assertions devoid of further factual enhancement." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557). Further, the allegations, without any reference to when the "decisions" were made, are equally consistent with Argent's non-liability as with Argent's liability. Under *Iqbal* and *Twombly*, the allegations fail to state a "facially plausible legal claim." *See, Ocasio- Hernandez v. Fortuno-Burset,* 640 F.3d 1, 12 (1st Cir. 2011).

Second, for the reasons set forth in the Memorandum in Support of Defendants Diamond's and Gilling's Motion to Dismiss ("Diamond Memorandum in Support"), which Argent incorporates herein by reference, Plaintiffs' state law claims against the Defendants in Count 8 are preempted by ERISA § 502(a), the exclusive civil enforcement mechanism of ERISA, and therefore these claims should be dismissed.

18

Third, for the reasons set forth in the Diamond Memorandum in Support, the Complaint does not include a demand or prayer for relief with respect to Count 8, and a count in a complaint is properly dismissed under Rule 12(b)(6) when no relief is requested on the count. *See*, *N.Y. Shipping Ass'n v. Waterfront Comm'n of N.Y. Harbor N.Y. Shipping Ass'n*, 2016 U.S App. LEXIS 15995 (3d Cir. Aug. 30, 2016).

## CONCLUSION

For the foregoing reasons, the Complaint against Argent should be dismissed.

Dated:  October 31, 2016

Of Counsel:

Respectfully submitted,

ARGENT TRUST COMPANY

Robert E. Lesser, Esq.
relesser@relesserlegal.com
Law Offices of Robert E. Lesser, LLC
7200 Highway 278 NE, Suite 205
Covington, GA 30014
Tel:  (770) 385-5111
Fax:  (844) 270-3674

(Motion for Leave to Practice Pending)

/s/ Craig E. Stewart

Craig E. Stewart (BBO# 480440)
stewartc@whiteandwilliams.com
R. Victoria Fuller (BBO#666494)
fullerv@whiteandwilliams.com
Rachel J. Eisenhaure (BBO#663876)
eisenhaurer@whiteandwilliams.com

WHITE AND WILLIAMS LLP
101 Arch Street, Suite 1930
Boston, MA  02110
Tel.: (617) 748-5200
Fax:  (617) 748-5201

Of Counsel:

E. Alexander Hammershaimb
hammershaimbe@whiteandwilliams.com
WHITE AND WILLIAMS LLP
1650 Market Street
One Liberty Place, Suite 1800
Philadelphia, PA 19103
Tel.: (617) 748-5200
Fax:  (617) 748-5201

19

## CERTIFICATE OF SERVICE

I certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing and paper copies will be sent to those indicated as non-registered participants on this 31st day of October, 2016.

/s/ Craig E. Stewart

# EXHIBIT

# A

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| ROBERT CHRISTIE, PAUL ) <br> FITZGERALD, JOHN MACMILLAN, ) <br> GLENN MURPHY, and KAREN WHITE, ) <br> each individually and on behalf of the ) <br> Diamond Antenna and Microwave ) <br> Corporation Employee Stock Ownership ) <br> Plan, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DIAMOND ANTENNA AND ) <br> MICROWAVE CORPORATION, ) <br> ARGENT TRUST COMPANY, and ) <br> JEFFREY T. GILLING, ) <br> ) <br> Defendants. ) | Civil Action No. 1:16-CV-11049 |

## DECLARATION OF STEPHEN A. MARTIN

I, Stephen A. Martin, pursuant to 28 U.S.C. § 1746, declare under the pains and penalties of perjury as follows:

1.    I am Senior Vice-President of Argent Trust Company, Inc. ("Argent"), a corporation incorporated under the laws of Tennessee, with a principal place of business in Atlanta, Georgia. I have been an officer and employee of Argent since July 2014.

2.    In connection with the above-captioned lawsuit I investigated the date on which Argent was appointed as the trustee of the Diamond Antenna and Microwave Corporation Employee Stock Ownership Plan (the "Diamond Antenna ESOP," or "ESOP"). As part of my investigation I reviewed books and records of Argent that are kept in the ordinary course of its

business and are under my custody and control, to determine when Argent was appointed as the trustee for the ESOP.

3.     Contained within those records is a copy of the resolution of the Board of the Board of Directors of Diamond Antenna and Microwave Corporation ("Diamond Antenna," or "the Company") dated June 12, 2014 (the "Resolution"), pursuant to which the Board of Directors accepted the resignation of Reliance Trust Company and appointed Argent Trust Company to serve as trustee of the Diamond Antenna ESOP.

4.     Attached to this Declaration is a true and accurate copy of the Resolution. On the basis of the Resolution, my review of other records of Argent pertaining to its retention by Diamond Antenna and my personal knowledge, Diamond Antenna appointed Argent to serve as the trustee of the Company's Employee and Stock Ownership Plan on June 12, 2014. Argent began its duties as trustee upon the effective date of the resignation of Reliance Trust Company, on or about July 1, 2014.

I declare under the pains and penalties of perjury that that the foregoing is true and correct. Executed on this 28th day of October, 2016.

Stephen A. Martin

-2-

## Board Resolution

WHEREAS, the Company has retained the services of Reliance Trust Company as Trustee of its Employee Stock Ownership Plan, and

WHEREAS, the Reliance Trust Company has given notice of its intent to resign as Trustee of the Company's Employee Stock Ownership Plan, and

WHEREAS, the Company has reviewed information about Argent Trust Company.

NOW THEREFORE, BE IT RESOLVED that the Company does hereby waive any notice requirements and accepts the resignation of Reliance Trust Company, effective as of the earlier of the expiration of the notice period or the date of the closing of Reliance Trust Company's sale of its ESOP business to the Argent Trust Company, and

BE IT FURTHER RESOLVED, the Company does hereby appoint Argent Trust Company to serve as the Trustee of the Company's Employee Stock Purchase Plan.

Secretary's Certification:

I certify that the Company's Board of Directors adopted the foregoing resolution at a properly noticed open meeting held on the _12 th_ day of __June__, 2014 at which a quorum was present, or by a conference telephone call on the ___ day of _____, 2014 in which a quorum participated and where all participating Board members could hear one another.

_12 June_, 2014
Date

By: _____
Board Secretary